[No. 21210.  Department One.  July 27, 1928.]

MARION R. MEYER, *Respondent,* v. W. J. MEYER, *Appellant.*[1]

[1] APPEAL (385, 386)—REVIEW—HARMLESS ERROR—ERROR INVITED —ACQUIESCENCE. Appellant can not assign error on the admission of his cross-examination of the respondent, or on testimony not objected to.

[2] DIVORCE (42)—TRIAL—FINDINGS—SUFFICIENCY. Findings showing neglect and cruel treatment to the extent of the impairment of plaintiff's health support a judgment for divorce.

Appeal from a judgment of the superior court for Cowlitz county, Kirby, J., entered February 14, 1927, upon findings in favor of plaintiff, in an action for divorce, tried to the court. Affirmed.

*Atwell & Moore,* for appellant.

*E. H. Kohlhase* and *Geo. Vanderveer,* for respondent.

MITCHELL, J.—The defendant has appealed from a judgment awarding to the plaintiff an interlocutory decree of divorce and the care and custody of the minor children.

[1] The parties intermarried, were divorced, and then married again. It is claimed the court erred in admitting testimony of things occurring between the parties prior to the first divorce. There was altogether very considerable testimony of this kind. In arguing the assignment, ten certain pages of that testimony are referred to, all of which it is claimed was inadmissible for the reason stated. It appears, however, that the larger part of that testimony, thus objected to, consisted of the cross-examination of the respondent and

[1]Reported in 269 Pac. 1119.

that the other portion of it was in no way objected to by or on behalf of the appellant.

[2] It is further claimed that the findings of fact do not support the conclusions of law and the interlocutory order. The findings are somewhat lengthy and need not be set out. Suffice it to say, they show neglect and other cruel treatment to the extent of the impairment of respondent's health, continuing, as the record shows, down to the date she left the home of herself and her husband, shortly before the action was commenced. No exception was taken to such findings. However, because exception was taken to the award of the minor children to the respondent, the whole record has been examined, and while it shows conflicting and recriminatory testimony, the preponderance of it, we think, is in favor of the findings upon the cause for divorce and the award of the children to the mother.

Affirmed.

FULLERTON, C. J., PARKER, FRENCH, and TOLMAN, JJ., concur.